JOHNSON v. FOSTER

(April 29, 1929. Opinion and Decree.)

Warren M. Simon, of New Orleans, attorney for plaintiff, appellee.

Hopkins and Talbot, of New Orleans, attorneys for defendants, appellants.

JANVIER, J. This is a suit for the return of money loaned. Plaintiff claims that a piece of property which she owned in Slidell, La., had been sold for her by a Mrs. Pick, who, as a result of the sale had come into the possession, as agent for plaintiff, of the proceeds, and that plaintiff's sister, one of the defendants, knowing of the sale, asked for a loan of $100 and was told by plaintiff that she did not have the cash with her but that she would arrange for Mrs. Pick to turn over, out of the said sum, the amount asked for.

Plaintiff also claims that at a later date she loaned her sister an additional sum of $35. She avers that this loan was made out of her savings account and that the money was withdrawn from the bank for that special purpose.

Defendants deny that they borrowed anything from plaintiff, maintaining that there was never any necessity for them to borrow as they were always in comfortable circumstances whereas plaintiff was always destitute.

The testimony is most conflicting and in the absence of the presumption of correctness which attaches to the finding of the trial court a reading of it in cold type would not leave us convinced that there is a preponderance either way. There are some circumstances which tend to corroborate plaintiff and some which seem to lend color to the denial of defendants. Mrs. Pick at first denied that she turned over any money to defendants for account of plaintiff, but later she does not recall whether she did or not.

It seems to us that with regard to the loan of $35, plaintiff had in her possession evidence which would have corroborated her contention. In other words, she could have produced her bank book showing the withdrawal of the amount mentioned. On the other hand, as corroborating plaintiff, we find the testimony of several witnesses that the defendant Wanita Foster had stated that she was going to return the money to her sister.

All in all, we think that this is manifestly a proper case for the application of the principle that appellate courts will not reverse the findings of a trial court on questions of fact, unless they are manifestly erroneous.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is affirmed, at the cost of appellants.